# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 09-3047

_____

Steven C. Schueller, M.D.,                     *
                                               *
          Appellant,                           *
                                               *
                                               *  Appeal from the United States
     v.                                        *  District Court for the Eastern
                                               *  District of Arkansas.
Richard L. Goddard, in his official            *
capacity as CEO Drew Memorial                  *
Hospital; Joe Griffith, in his official        *
capacity as a Board Member of Drew             *
Memorial Hospital; Bob Kizer, in his           *
official capacity as a Board Member of         *
Drew Memorial Hospital; Joseph Miles,          *
DR.DDS in his official capacity as a           *
Board Member of Drew Memorial                  *
Hospital; Gary Shrum, in his official          *
capacity as a Board Member of Drew             *
Memorial Hospital; Verna Sims, in her          *
official capacity as a Board Member of         *
Drew Memorial Hospital; Mike Ward,             *
in his official capacity as a Board            *
Member of Drew Memorial Hospital;              *
John Does, #1 and #2,                          *
                                               *
          Appellees.                           *

_____

Submitted: November 15, 2010
Filed: February 1, 2011

_____

Before RILEY, Chief Judge, MELLOY and GRUENDER, Circuit Judges.

_____

RILEY, Chief Judge.

Steven C. Schueller, M.D., appeals the district court's[1] grant of summary judgment to Richard L. Goddard, CEO of Drew Memorial Hospital, and various Drew Memorial Hospital board members, all in their official capacities (collectively, Drew Memorial). Dr. Schueller claims Drew Memorial violated his due process rights and interfered with his business expectancy by requesting he no longer serve as an independent contractor at Drew Memorial. We affirm.

I.    BACKGROUND[2]

Drew Memorial is a county hospital located in Monticello, Arkansas. On August 1, 2002, Drew Memorial and William W. Williams, D.O., PA[3] entered into an agreement (emergency service agreement) pursuant to which PA I agreed to be the sole provider of emergency room staffing for Drew Memorial. Section 7(i) of the emergency service agreement gave Drew Memorial sole discretion to request the immediate removal of "any physician at any time" from further service. Dr. Schueller was neither a member of PA I, nor a party to the emergency service agreement (or any other contract with Drew Memorial) during the relevant period.

_____

[1]The Honorable Billy Roy Wilson, formerly William R. Wilson, Jr., United States District Judge for the Eastern District of Arkansas.

[2]The facts are related in the light most favorable to Dr. Schueller. See Sitzes v. City of W. Memphis Ark., 606 F.3d 461, 464 (8th Cir. 2010), petition for cert. filed __ U.S.L.W. __ (U.S. Dec. 13, 2010) (No. 10-484).

[3]Dr. Williams operated two separate professional associations, William W. Williams, D.O., PA (PA I) and William W. Williams, D.O., P.A. II (PA II), each of which entered into one of the two contracts relevant to this appeal. Each contract has an original term of one year, subject to automatic renewal. The record does not indicate either contract terminated before the relevant period.

On January 7, 2003, Dr. Schueller entered into an independent contractor agreement with PA II, pursuant to which Dr. Schueller agreed to provide services as an emergency room physician at Drew Memorial on behalf of PA II. Section 4(B) of the independent contractor agreement states "[e]ither party may terminate this Agreement . . . with reasonable cause" upon written notice to the other party. Pursuant to § 4(B)(9), reasonable cause includes

> The request by [Drew Memorial] for the immediate removal of Independent Contractor from further service . . . . The determination that the Independent Contractor shall be removed from emergency services at [Drew Memorial] is in the sole discretion of [Drew Memorial], and being a contractual matter, is not subject to the review procedures in the Medical Staff Bylaws.

In December 2006, as a result of patient complaints about Dr. Schueller, Goddard asked Dr. Williams to remove Dr. Schueller from service at Drew Memorial. Dr. Williams notified Dr. Schueller on January 5, 2007 that, after January 31, 2007, Dr. Williams would no longer schedule Dr. Schueller for service in the Drew Memorial emergency room.

On May 1, 2008, Dr. Schueller sued Drew Memorial in the district court asserting claims under 42 U.S.C. § 1983 and Arkansas state law. Dr. Schueller alleged Drew Memorial violated his constitutional right not to be deprived of property without due process of law and interfered with the independent contractor agreement. The district court granted Drew Memorial's motion for summary judgment on both of Dr. Schueller's claims.

## II.  DISCUSSION

### A.  Standard of Review

"We review the district court's grant of summary judgment *de novo*."  Cole v. Homier Distrib. Co., 599 F.3d 856, 864 (8th Cir. 2010).  "Summary judgment is appropriate when the record, viewed in the light most favorable to the non-moving party, demonstrates that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law."  Myers v. Lutsen Mtns. Corp., 587 F.3d 891, 893 (8th Cir. 2009).  See also Fed. R. Civ. P. 56 (amended effective Dec. 1, 2010).

### B.  Due Process

Dr. Schueller contends his termination constituted "an unconstitutional taking of his property in violation of the 14th Amendment."  The Due Process Clause of the Fourteenth Amendment entitles a person to procedural due process when a protected property interest is at stake.  See Hopkins v. Saunders, 199 F.3d 968, 975 (8th Cir. 1999).  "A protected property interest exists where a plaintiff has a 'legitimate claim of entitlement' to a benefit that is derived from a source such as state law."  Id. (quoting Bd. of Regents v. Roth, 408 U.S. 564, 577 (1972)).

"To survive summary judgment on [his] property interest procedural due process claim, [Dr. Schueller] must provide evidence that [he] had a reasonable and legitimate expectation of continued employment."  Howard v. Columbia Pub. Sch. Dist., 363 F.3d 797, 803 (8th Cir. 2004).  Dr. Schueller contends he had a valid expectation of continued employment as a physician in Drew Memorial's emergency room under Arkansas law based on the emergency service agreement and the independent contractor agreement.  We disagree.

The express terms of those agreements lay waste to Dr. Schueller's claimed expectancy.  Section 7(i) of the emergency service agreement gives Drew Memorial the right, in its sole discretion, to request the immediate removal of Dr. Schueller from

-4-

further service at the hospital at any time. Section 4(B)(9) of the independent contractor agreement specifically empowers PA II to terminate the agreement if Drew Memorial exercised that right. Such plenary discretion is not consistent with Dr. Schueller having a legitimate claim of entitlement to continued employment at Drew Memorial. See Habhab v. Hon, 536 F.3d 963, 968 (8th Cir. 2008) (explaining "discretionary policies do not bestow upon individuals protected property interests") (quotation and internal marks omitted); Engelstad v. Va. Mun. Hosp., 718 F.2d 262, 266 (8th Cir. 1983) (holding a doctor serving as an independent contractor at a hospital lacked a protected property interest because his position was terminable at the will of the hospital). The absence of any agreement between Dr. Schueller and Drew Memorial further undermines Dr. Schueller's § 1983 claim against Drew Memorial. Dr. Schueller did not possess any reasonable or legitimate expectation of continued employment with Drew Memorial.

To the extent Dr. Schueller expected to continue serving as an independent contractor despite ongoing patient complaints and Drew Memorial's plenary discretion to request his removal, his expectations were unreasonable. Dr. Schueller's "subjective and unilateral expectation" that his independent contractor agreement with PA II meant something other than what the contract said is insufficient to create a protected property interest. See Howard, 363 F.3d at 803 (internal quotation marks omitted).

### C.    Interference with Business Expectancy

Drew Memorial's contractual discretion is also fatal to Dr. Schueller's tortious interference claim under Arkansas law. "In order to establish a claim for tortious interference with a contract, a plaintiff must establish (1) the existence of a valid contractual relationship; (2) knowledge of the relationship on the part of the third party; (3) intentional and improper interference by that third party inducing or causing a breach or termination of the relationship; and (4) resulting damage to the plaintiff." Palmer v. Ark. Council on Econ. Educ., 40 S.W.3d 784, 791 (Ark. 2001); see also

Mason v. Wal-Mart Stores, Inc., 969 S.W.2d 160, 162-65 (Ark. 1998) (analyzing the impropriety requirement). "[A] successful claim for interference with a contractual relation must allege and prove that a third person did not enter into or failed to continue a contractual relationship with the claimant as a result of the unauthorized conduct of the defendant." Palmer, 40 S.W.3d at 791.

We agree with the district court that Drew Memorial's plenary right to request Dr. Schueller's removal prevents Dr. Schueller from establishing a prima facie case of tortious interference under Arkansas law. The independent contractor agreement on which Dr. Schueller bases his claim expressly authorized Drew Memorial to request his removal from service. Dr. Schueller has failed to produce any evidence Drew Memorial improperly interfered with the independent contractor agreement by exercising its contractual rights in response to continuing complaints from its patients. The district court correctly granted summary judgment in favor of Drew Memorial.[4]

## III.  CONCLUSION

We affirm the judgment of the district court.

_____

---

[4]Because we find Drew Memorial did not improperly interfere with Dr. Schueller's business expectancy, we need not reach Drew Memorial's immunity defense.